Khan v. Lynch

BIA
Wright, IJ
A097 538 019

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand sixteen.

PRESENT:
>	DENNIS JACOBS,
>	GUIDO CALABRESI,
>	RAYMOND J. LOHIER, JR.,
>		*Circuit Judges.*

_____

WAZIR KHAN,
>	*Petitioner,*

>	v.	15-102
>		NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>	*Respondent.*

_____

FOR PETITIONER:	Thomas V. Massucci, New York, New York.

FOR RESPONDENT:	Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Jesse M. Bless, Senior Litigation Counsel; Jennifer A. Bowen, Trial Attorney,

Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wazir Khan, a native and citizen of Guyana, seeks review of a December 12, 2014, decision of the BIA affirming a July 18, 2013, decision of an Immigration Judge ("IJ") denying Khan's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Wazir Khan,* No. A097 538 019 (B.I.A. Dec. 12, 2014), *aff'g* No. A097 538 019 (Immig. Ct. N.Y. City July 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances," the

agency "may base a credibility determination on . . . the inherent plausibility of an applicant's . . . account," and inconsistencies in the record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also* 8 U.S.C. § 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Khan was not credible as to his fear of retribution for allegedly witnessing a friend's murder by secret police in Guyana.

The agency reasonably relied on multiple inconsistencies as to the date of his friend's murder. *See Xiu Xia Lin*, 534 F.3d at 166-67. And Khan's testimony that he did not know the names of the other witnesses to the murder was implausible given his testimony that he "normally . . . h[u]ng out" at their house. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). His later testimony that one of the witnesses was named Cindy was inconsistent with the witnesses' statements to police that their names were Susan and Roxanne. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Khan did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)

Having questioned Khan's credibility, the agency

3

reasonably relied further on his failure to submit corroborating evidence sufficient to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Although Khan submitted news articles and witness statements that discuss who was present in the house when the murder occurred, none of this evidence mentions Khan's presence and thus does not corroborate (but in fact weakens) his claim. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3.

Ultimately, the agency's adverse credibility determination is supported by substantial evidence given these inconsistencies and implausible testimony relating to the sole incident that gave rise to Khan's alleged fear of persecution. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C). That finding is dispositive of withholding of removal and CAT relief because both claims rely on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we need not consider the agency's alternative bases for denying relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
